IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST            )
FROM THE UKRAINE                   )
IN THE MATTER OF                   )        Misc. No. 05- 39
HARTWICK                           )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Ukraine. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Ukrainian authorities who are investigating a case of alleged tax evasion.

EVIDENCE SOUGHT:

The Ukrainian authorities seek information about Wellgrand, L.L.C. from American Incorporators, Ltd. which resides in this District. Thus, the information the Ukrainians seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

    (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted

before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in _In Re Request for Judicial Assistance from the Seoul District Criminal Court_, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." _In Re Letter of Request from the Crown Prosecution Services of the United Kingdom_, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in the Ukraine and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: *[signature]*
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1201 Market Street
Wilmington, DE   19801
(302) 573-6277

Dated: 3/10/05

Certified translation from Ukrainian into English

*To the section of international cases of
the criminal-legal administration of
the Department of Justice of the United States of America*

*Request for assistance in the investigation of the case # 70/18-04,
initiated on the basis of the fact of intentional evasion of the repayment of
incomes in foreign currency on a particularly large scale committed by
the officials of the private enterprise "Hartwick"*

Ukraine applies with the request for the assistance of competent authorities of the United States of America according to the Agreement between the United States of America and Ukraine about mutual legal assistance in criminal cases signed on July 22, 1998 in Kyiv.

The investigation section of tax militia of State Tax Administration in Rivne region conducts the examination of the activity of the director of the private enterprise "Hartwick" Lomanyuk Oleksandr Vasylyovych who is suspected in having committed the intentional evasion of the repayment of incomes in foreign currency on a particularly large scale according to the signs of a crime stipulated by the part 3 of the article 207 of the Criminal Code of Ukraine.

In the course of the preliminary investigation there was found out that the private enterprise "Hartwick", which is situated in Ukraine, the city of Rivne, Kurchatov st. 18-b, concluded the Contract of Commission # 10/12-KM with Closed Joint Stock Company "Automobile Group "VIPOS"", the city of Kyiv on December 10, 2003 for exporting the goods, particularly: aluminum pistons for tractor and harvester engines 240-1004021-A2 in the amount of 4040 pcs. In its turn on December 10, 2003 the private enterprise "Hartwick" concluded Contract of Sale # 1-W with the nonresident "Wellgrand" LLC, Charleston (the United States of America) about the export of aluminum pistons in the above amount at the price given in the supplements to the given Contract. The Contract was signed in the city of Kyiv (Ukraine). For and on behalf of the Ukrainian party the Contract was signed by the director of the enterprise - Lomanyuk Oleksandr Vasylyovych, on behalf of the company "Wellgrand" LLC, Charleston (the United States of America) it was signed by the director John Brown.

The total amount of foreign economic contract is 500000 dollars of the USA.

On December 12, 2003 according to the customs declaration ref.# 20400/3/109674, the private enterprise "Hartwick", the city of Rivne, shipped aluminum pistons for tractor and harvester engines 240-1004021-A2 in the amount of 4040 pcs for the total sum of 61933,20 USD to the "Sukces" customs store, Chelm, Poland, Chemiczna st. 5C. This was carried out because, provided by the point 2, subpoint 2.3 of Contract of Sale # 1-W dd December 10, 2003 and based on the mutual agreement, the consignee of the above mentioned goods can be a company authorized by the Buyer ("Wellgrand" LLC, the United States of America). The above condition was stipulated by the supplement to the given Contract.

**Official seal:** Investigation section * State Tax Administration in Rivne region

The deadline of the repayment of the currency funds onto the territory of Ukraine was over on March 11, 2004. As for April 26, 2004 currency funds in the amount of 61933,20 USD from the company "Wellgrand" LLC in the 90-days term, fixed by the Law of Ukraine, did not arrive on the foreign currency account of the private enterprise "Hartwick" in the institution of Joint-Stock bank "Regional Development Bank", the city of Kyiv.

As a result of the violations, the private enterprise "Hartwick" was charged additionally with the penalty in the amount of 28716,35 UAH (5400 USD) and penal sanctions in the amount of 816,00 UAH (153 USD).

Taking into consideration the above information the investigator needs the following information:

1. Please ascertain if the company "Wellgrand" LLC is situated at the following address: 1205 Wilkie Drive, Charleston, West Virginia 253 14-1726, USA. Who are the founders and officials of the given firm? When was this firm registered? Does it exist at present? What are the kinds of its activity?
2. The existence of the above firm being ascertained, please conduct the seizure of the originals of the documents of the company "Wellgrand" LLC, which confirm the fact of having effected payments with the private enterprise "Hartwick" concerning the purchase of aluminum pistons for tractor and harvester engines in the amount of 4040 pcs. according to the Contract # 1-W dd December, 2003. The seizured documents will be used for proving the guilt of the director of the enterprise "Hartwick" Lomanyuk Oleksandr Vasylyovych in having committed the crime and will be returned if not requested any more.
3. Please conduct the seizure of an extended report about flow of money with decoding the substance of the operations within the period from December 2003 till April 2004, including those in the bank on the account of the company "Wellgrand" LLC: bank requisites:
   - "Wellgrand" LLC 1205 Wilkie Drive, Charleston, West Virginia 253 14-1726, USA. Correspondent Bank: Deutsche Bank Trust Co, Americas ACC: ███████ S.W.I.F.T.: BKTR US 33. Beneficiary bank: AIZKRAUKLES BANKA Elizabetes st. 23, Riga, LV-1010 ACC: ███████ S.W.I.F.T.: ███████.
5. Please demand the certificate about the flow of funds with decoding the substance of the operations within the period from December 2003 till April 26, 2004, including those in the bank on the other accounts of the company "Wellgrand" LLC.
6. Please take experimental samples of handwriting and signatures of the director of the company "Wellgrand" LLC John Brown with purpose of carrying out a handwriting expertise.

**Official seal:** Investigation section * State Tax Administration in Rivne region

7. Please take the experimental samples of the imprints of seals of the company "Wellgrand" LLC.
8. In the case of finding out another legal address of the company "Wellgrand" LLC, please carry out the investigative actions at the found address.
9. Taking into consideration the fact that the preliminary investigation of this case is to be finished in 4 months, the investigation section of tax militia of State Tax Administration in Rivne region asks to provide the urgent assistance for executing this request.
10. The investigation section of tax militia of State Tax Administration in Rivne region also appeals to the competent authorities of the USA with the request to keep the contents of this request in confidentiality within the boundaries of the legislation of the United States of America.

In its turn the investigation section of tax militia of State Tax Administration in Rivne region reassures the corresponding authorities of the United States of America that all facts and information obtained in the process of executing this request will be used only with the purpose of investigating this criminal case and its examination in the court.

**Article 207 of Criminal Code of Ukraine.
Evasion of repayment of incomes in foreign currency.**

1. Deliberate evasion of repayment of incomes in foreign currency received in the result of the export of goods (work, services) or other material assets received from this income, committed by the officials of enterprises, institutions or organizations irrespective of the form of property or individuals who carry out economic activity without creating a legal entity, as well as deliberate concealment of such incomes, goods or other material assets committed in any way, -
    is punished by imposing a fine ranging from six hundred to one thousand nontaxable minimums of citizens' incomes or disciplinary works up to two years or limitation of liberty up to three years.

2. The same actions committed repeatedly or after the preliminary conspiracy by the group of individuals as well as deliberate evasion of repayment of incomes in foreign currency, return of the goods or other material assets received from this income, or deliberate concealment of such incomes, goods or other material assets on a large scale committed in any way, -
    are punished by limitation of freedom for the term from three to five years or deprivation of liberty up to three years.

3. The actions stipulated by the first and second parts of this article, if committed on a particularly large scale, -
    are punished by deprivation of liberty for the term from three to seven years.

**Official seal:** Investigation section* State Tax Administration in Rivne region*

Note 1. The evasion of repayment of incomes in foreign currency, return of the goods or other material assets received from this income, or any deliberate concealment of such incomes, goods or other material assets are considered as such committed on a large scale if this income, goods or other material assets one thousand or more times exceed a nontaxable minimum of citizens' incomes (in the conversion into the currency of Ukraine at the official rate of national currency fixed by the National bank of Ukraine on the last day of the term, provided by the legislation for the transfer of incomes in foreign currency from abroad).

Note 2. The evasion of repayment of incomes in foreign currency, return of the goods or other material assets received from this income, or any deliberate concealment of such incomes, goods or other material assets are considered as such committed on a particularly large scale if this income, goods or other material assets three thousand times or more exceed a nontaxable minimum of citizens' incomes (in the conversion into the currency of Ukraine at the official rate of national currency fixed by the National bank of Ukraine on the last day of the term, provided by the legislation for the transfer of incomes in foreign currency from abroad).

Lomanyuk is considered to have violated this law if in the process of executing this request there will be confirmed the fact that the company "Wellgrand" LLC, the United States of America, effected the payments with the private enterprise "Hartwick" for shipped goods, that is for aluminum pistons for tractor and harvester engines in the amount of 4040 pcs within the 90 days term beginning from the day of crossing the border.

INVOLVED NATURAL PERSONS:

1. **Lomanyuk Oleksandr Vasylyovych**

| | |
|---|---|
| Date of birth | ■■■ |
| Place of birth | Rivne, Ukraine |
| Citizenship | Ukraine |
| Sex | Masculine |
| Height | 180 cm |
| Weight | 85 kg |
| Eyes | Brown |
| Hair | Dark |
| Passport number | (Ukraine) series CP # ■■■ |
| Address | Pukhov st. 31, Rivne, Ukraine |

2. **The private enterprise "Hartwick"**
   Place of foundation:   Rivne, Ukraine
   Address:   Kurchatov st. 18-b,
   Rivne, Ukraine

**Official seal:** Investigation section* State Tax Administration in Rivne region.

3. **The company "Wellgrand" LLC**

1205 Wilkie Drive, Charleston,
West Virginia 253 14-1726, U.S.A.

The investigator does not possess any additional information concerning the company "Wellgrand" LLC.

REQUESTED ASSISTANCE
The investigator suspects that the director of the private enterprise "Hartwick" Lomanyuk never carried out any above mentioned operations with the company "Wellgrand" LLC, U.S.A.

REQUESTED DOCUMENTS
Please provide us with complete detailed information concerning any accounts of the company "Wellgrand" LLC, 1205 Wilkie Drive, Charleston, West Virginia U.S.A. in the Correspondent Bank: Deutsche Bank Trust Co, Americas ACC: S.W.I.F.T.: BKTR US 33. Beneficiary bank: AIZKRAUKLES BANKA Elizabetes st.23, Riga, LV-1010 ACC: S.W.I.F.T.: or other banks of the United States of America that may concern the given request and be connected with:

1. Lomanyuk Oleksandr Vasylyovych
2. John Brown
3. The private enterprise "Hartwick"
4. The company "Wellgrand" LLC

We need the information concerning the period from December 1, 2003 to April 26, 2004 inclusive, particularly:
1. Documentation concerning opening the account;
2. Ledger cards;
3. Recurrent extracts concerning the state of the account;
4. Information concerning all the documents (copies of the first and the last pages) and objects that were deposited, withdrawn or transferred;
5. Cable (monetary) transfers;
6. Correspondence to, from and on behalf of the owner of the account;
7. Applications or letters concerning the account.

REQUESTED EVIDENCE
The investigator needs to have one of the representatives of the company "Wellgrand" LLC interrogated on the following questions:
- Whether John Brown is the director of the company "Wellgrand" LLC?
- What information concerning the private enterprise "Hartwick" Ukraine, Rivne do they have at their disposal? What financial economic relations

**Official seal:** Investigation section* State Tax Administration in Rivne region

exist between them and what common operations or payments were carried out between them during the period from December 2003 to April 26, 2004?
- When, according to what economic documents were aluminum pistons for tractor and harvester engines purchased? Was the Contract of Sale # 1-W dd December 10, 2003 concluded between "Wellgrand" LLC and the private enterprise "Hartwick"?
- Who initiated carrying out the above-mentioned economic operation?
- Are you acquainted with the director of the private enterprise "Hartwick" Lomanyuk Oleksandr Vasylyovych?
- Who took direct part in conclusion of the Contract of Sale # 1-W dd December 10, 2003 between "Wellgrand" LLC and the private enterprise "Hartwick"?
- When, where, under what circumstances, with whose participation was Contract of Sale # 1-W dd December 10, 2003 concluded between the company "Wellgrand" LLC and the private enterprise "Hartwick"?
- If the above mentioned aluminum pistons for tractor and harvester engines were bought by the company "Wellgrand" LLC from the private enterprise "Hartwick", why the payments were not carried out?
- If the payments for the above produce were carried out, so on what account and in what bank of Ukraine were the money transferred?
- According to the Supplement #1 dd December 10, 2003 – Specification # 1 to the Contract of Sale #1-W dd. December 10, 2003 the consignee of the aluminum pistons for tractor and harvester engines in the amount of 4040 pcs is "Sukces" customs store, Chelm, Poland, Chemichna st. 5C, when these goods arrived at this store and where they were sent further?
- Whether any changes and supplements to the Contract of Sale #1-W dd. December 10, 2003 were made?
- Whether the account in the beneficiary bank AIZKRAUKLES BANKA Elizabetes st.23, Riga, LV-1010 ACC:█████████ S.W.I.F.T.: █████████ belongs to the company LLC Wellgrand, USA? How was the above account of the Company LLC "Wellgrand" used during the payments with the private enterprise "Hartwick"?

PROCEDURE OF EXECUTING THE REQUEST

During the interrogation of the representatives of the company LLC "Wellgrand" as witnesses, please do the following:
1. Start the interrogation of a witness with identifying his full name, current address, date and place of birth.
2. Inform a witness about his not being obliged to give answers concerning himself, his family members and close relatives. Please also let a witness know that he may be held criminally responsible for giving false answers to all the other questions.

**Official seal**: Investigation section* State Tax Administration in Rivne region

1. Please put those questions that need to be answered.

2. Please arrange all above information in the form of a protocol of the interrogation.
   The protocol must contain:
   - personal information provided by a witness;
   - reference on the competent organ of the United States of America having informed a witness about his being able not to give answers concerning himself, his family members and close relatives, though the answers on the other questions must be truthful, otherwise he may be held criminally responsible;
   - questions that were put and the received answers.

3. Further:
   - please read the questions and received answers that were written down for a witness; or ask a witness to get acquainted with all questions and answers written in the protocol himself.

4. Please state in the protocol of the interrogation whether the representative of the competent authority of the U.S.A. read aloud the questions and answers for a witness or whether a witness got acquainted with them himself.

5. The person who gave evidence as a witness must sign every page of the protocol of the interrogation. This having been done, the protocol is signed by the representative of the competent authority of the U.S.A. who carried out the interrogation.

While taking experimental samples of the handwriting and signatures of the director of the company "Wellgrand" LLC John Brown please do the following:

6. Take the experimental samples of the handwriting in the form of the signatures (indicating surnames and initials) on two pages.
7. Take the experimental samples of the handwriting in the form of the handwritten text (any text) on three pages

While taking experimental samples of the imprints of the seals of the company "Wellgrand" LLC please do the following:
8. Take the experimental samples of the imprints of the seals of the company "Wellgrand" LLC, six imprints of the seal on five pages.

## CONTACT PERSON
Should any questions concerning this request or its fulfilment arise, please contact the investigator of the investigation section of tax militia of State tax

**Official seal:** Investigation section* State Tax Administration in Rivne region

administration in the city of Rivne the Lieutenant of tax militia Volodymy Volodymyrovych Tereshchuk by telephone 0362-692-626, fax – 0362-692-630.

Please send the documents received in the process of the request fulfilment t the following address: Vidinska st. 8, the city of Rivne, Ukraine, 33000.

*The investigator of the investigation section of*
*tax militia of State Tax Administration in Rivne region*
*Lieutenant of tax militia*          /signature/          *V. V. Tereshchuk*

**Official seal:** Investigation section* State Tax Administration in Rivne region

The following documents sealed with an official seal are enclosed to the request: The decision about carrying out the seizure of the documents, the decision about conducting the seizure of the documents in the bank with the sanction of the public prosecutor, the decision about taking samples of handwriting and signatures, extracts from legislative acts of Ukraine which regulate the execution and the procedure of carrying out the above investigative actions.

T_____ __n is done by the translation office "Consul-Rivne"

Translator _____ Hen Z.V.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM THE UKRAINE IN THE MATTER OF HARTWICK | ) ) ) Misc No. 05-39 ) |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from the Ukraine whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Ukraine and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Ukrainian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall

be required);

   3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Ukraine, which procedures may be specified in the request or provided by the Ukrainian authorities;

   4. seek such further orders of this Court as may be necessary to execute this request; and

   5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Ukrainian authorities.

   IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

   Dated:  This _____ day of _____, 2005.


                                    _____
                                    United States District Court Judge